UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN A. ODOM,

    Petitioner,

vs.

                Civil No. 2:20-CV-12180
                HONORABLE ARTHUR J. TARNOW
                UNITED STATES DISTRICT JUDGE

BRYAN MORRISON,

    Respondent.
_____/

**ORDER REQUIRING RESPONDENT TO FILE AN ANSWER AND THE RULE 5 MATERIALS WITHIN SIXTY DAYS OF THE COURT'S ORDER**

    Petitioner filed a *pro se* Application for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. On August 14, 2020, the Court ordered respondent to file a responsive pleading by October 23, 2020. To date, respondent has neither filed an answer to the petition or the required Rule 5 materials, nor have they filed a motion for an additional enlargement of time.

    A habeas corpus petitioner who challenges the legality of his state custody is entitled to reasonably prompt disposition of his petition. *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998). Delays by the state in responding to a petition for a writ of habeas corpus "can, in and of themselves, prejudice a petitioner by creating a bar to a merits review of a

prisoner's constitutional claims." *Burgess v. Bell,* 555 F. Supp. 2d 855, 857 (E.D. Mich. 2008)(Lawson, J.). Moreover, "Rapid adjudication of habeas petitions is important because...the writ of habeas corpus exists so that people wrongly detained may obtain freedom." *Wilkerson v. Jones,* 211 F. Supp. 2d 856, 860 (E.D. Mich. 2002)(Gadola, J.).

This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo*, 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001)(Tarnow, J.). 28 U.S.C. § 2243. In light of the amount of time that has passed in this case without an answer, the Court orders respondent to file an answer to the petition for a writ of habeas corpus and petitioner's pending motions within sixty days of this order.

The Court also orders respondent to provide the Rule 5 materials at the time it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Burns v. Lafler,* 328 F. Supp. 2d 711, 717 (E.D. Mich. 2004)(Gadola, J.); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. Without the Rule 5 materials in this case, the Court is unable to "isolate the precise

contours of the dispute", because the court is "missing half of the story", i.e. the state court proceedings, which are necessary to properly adjudicate the habeas petition. *Mahaday v. Cason,* 222 F. Supp. 2d 918, 921 (E.D. Mich. 2002)(Cohn, J.).

Based upon the foregoing, the court orders respondent to file an answer and to produce the entire state court record within **sixty (60) days** of the date of this order or show cause why they are unable to comply with the order.

                                               _s/Arthur J. Tarnow_____
                                               **HON. ARTHUR J. TARNOW**
                                               UNITED STATES DISTRICT JUDGE

Dated: January 5, 2021