**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STEVEN A. ODOM,

    Petitioner,

v.

    CASE NO. 2:20-CV-12180
    HONORABLE ARTHUR J. TARNOW
    UNITED STATES DISTRICT JUDGE

BRYAN MORRISON,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTIONS FOR SANCTIONS (ECF No. 6) AND TO HOLD RESPONDENT IN CONTEMPT (ECF No. 10), DENYING THE MOTIONS FOR BOND (ECF No. 7, 11), DENYING THE MOTION FOR IMMEDIATE CONSIDERATION (ECF No. 11), GRANTING THE MOTION TO AMEND THE PETITION (ECF No. 12), AND GRANTING RESPONDENT TIME TO FILE A SUPPLEMENTAL ANSWER TO THE AMENDED PETITION FOR A WRIT OF HABEAS CORPUS**

Steven A. Odom, ("petitioner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court are several motions.

**A. The motions for sanction and to hold respondent in contempt are DENIED.**

Petitioner filed a motion for sanctions and a motion to hold respondent in contempt based upon respondent's failure to file an answer by the original deadline of October 23, 2020.

1

Within the Sixth Circuit, "[t]he test for the imposition of Rule 11 sanctions is whether the litigant's conduct was reasonable under the circumstances." *U.S. v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 507 (6th Cir. 1998)(citation omitted).

On January 15, 2021, this Court, aware that respondent had failed to file an answer by the original deadline, issued an order for respondent to file an answer within sixty days or show cause why respondent could not file an answer. (ECF No. 9).  In effect, this amounted to the Court granting respondent an extension of time to file an answer.  A federal court has discretion in extending the time for a state to file a response to a habeas corpus petition. *See Whitfield v. Martin*, 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001).  Respondent filed an answer within sixty days of the Court's order. (ECF No. 16).  To the extent that petitioner seeks sanctions based on respondent's failure to file the answer by the initial October 23, 2020 deadline, the Court denies the motion because petitioner failed to show that respondent's failure to timely file his answer was purposeful or harmed petitioner. *See Brown v. Michigan*, No. 05-CV-72440-DT, 2006 WL 1374042, at *1 (E.D. Mich. May 17, 2006).

**B. The motions for bond are DENIED.**

Petitioner filed two motions for bond.

In order to receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); see also *Nash v. Eberlin,* 437 F.3d 519, 526, n. 10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F.2d at 79. Federal courts may grant bail when granting the writ. See *Sizemore v. District Court,* 735 F.2d 204, 208 (6th Cir. 1984). By implication, a federal court should not grant bail under other circumstances. In light of the fact that petitioner has failed to establish at this time that he would prevail on the merits of his claims, he is not entitled to release on bail. See e.g. *Greenup v. Snyder,* 57 F. App'x 620, 621-22 (6th Cir. 2003).

Petitioner, however, seeks release on bond, claiming that his health is in danger because of the current historic Coronavirus pandemic and the risks that the virus poses to inmates.

The Court is sympathetic to petitioner's concerns. Nonetheless, petitioner is not entitled to emergency release on bond.

Petitioner's request to be released due to COVID-19 is completely unrelated to the claims that he wishes to raise in his habeas petition. As

such, the claims and relief requested in petitioner's motion for release are "outside the scope of this lawsuit." *Ross v. Chapman*, No. 2:19-CV-13729, 2021 WL 148020, at *4 (E.D. Mich. Jan. 15, 2021). "Petitioner may not "piggy-back" a separate, unrelated claim to his habeas petition." *Id.*

In addition, petitioner failed to show that the State of Michigan is unable or unwilling to protect him and other inmates through precautionary measures. *Titus v. Nagy*, No. 2:18-CV-11315, 2020 WL 1930059, at *3 (E.D. Mich. Apr. 21, 2020), *reconsideration denied,* No. 2:18-CV-11315, 2020 WL 2733882 (E.D. Mich. May 26, 2020). The Director of the Michigan Department of Corrections (MDOC) issued a memorandum, listing in detail the numerous steps undertaken by the MDOC to protect staff and prisoners from the spread of COVID-19. The Director's memorandum outlines various precautionary measures that staff should take to prevent the spread of COVID-19. These precautionary measures include: developing isolation areas for the placement and treatment of prisoners who (i) have tested positive for COVID-19, (ii) are under investigation for having COVID-19, or (iii) have had close contact with known-positive COVID-19 individuals; the wearing of protective gear; the screening of individuals entering correctional facilities; and social distancing. *Id.*

Governor Gretchen Whitmer also promulgated certain protocols to mitigate the spread of COVID-19 among state prisoners and employees who work in state prisons. Executive Order 2020-119 requires MDOC to continue the risk-reduction protocols already in place and implemented in its facilities. These protocols include: screening persons entering and departing facilities; restricting visitors; limiting off-site appointments; developing and implement protocols for inmates with COVID-19 symptoms; providing personal protective equipment for staff; stringently cleaning areas and surfaces; ensuring access to personal hygiene products; practicing social distancing; and minimizing crowding. *Id.*

The extensive precautionary measures undertaken by the MDOC to limit inmates' exposure to Covid-19 at the direction of the Governor and the Director of the MDOC rebut petitioner's argument that exceptional circumstances exist to justify his release on bond. The motions for bond are denied.

**C. The motion for immediate consideration is DENIED.**

As part of his second motion for bond, petitioner moves for immediate consideration.

To the extent that petitioner seeks immediate consideration of his bond motions, the motion is moot in light of the fact that the Court has now adjudicated the motions.

To the extent that petitioner seeks immediate consideration of his habeas petition, petitioner has failed to show good cause to expedite a ruling on his petition for habeas relief to the detriment of petitions filed prior to the filing of his petition, because petitioner has shown no undue delay or that any delay had been or would be highly prejudicial to him. *See Castillo v. Pratt,* 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001). Petitioner merely argues that his current sentence is illegal. Petitioner's request and attack on his sentence "differs little from the vast majority of habeas petitions" that are filed with the Court. *Id.* Petitioner has shown nothing which would separate his habeas application from the petitions that preceded it. *Id.* Petitioner has failed to demonstrate that his petition has such merit that expedited consideration is warranted. *Castillo,* 162 F. Supp. 2d 576. The motion is denied.

**D. The motion to amend the petition is GRANTED.**

Petitioner filed a motion to amend the petition for a writ of habeas corpus.

6

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999)(citing *to* Fed. R. Civ. P. Rule 15). Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F.3d 320, 341-342 (6th Cir. 1998). A motion to amend a habeas petition may be denied when it has been unduly delayed and when allowing the motion would prejudice the nonmovant. *Smith v. Angelone*, 111 F.3d 1126, 1134 (4th Cir. 1997)(internal citations omitted). However, delay by itself is not sufficient to deny a motion to amend. *Coe*, 161 F.3d at 342.

The Court permits petitioner to amend his habeas petition. Petitioner's proposed amended habeas petition should be granted because it advances a new claim that may have arguable merit. *See e.g. Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016).

Finally, because the Court will allow petitioner to amend his petition respondent is given sixty (60) days to answer and brief the issues raised by the amended petition to ensure that respondent has sufficient time to fully address the amended petition. *See Stewart v. Angelone*, 186 186 F.R.D. 342, 344 (E.D. Va. 1999); Rules Governing § 2254 Cases, Rule 4.

**IT IS ORDERED THAT:**

(1) the motions for sanctions (ECF No. 6) and the motion to hold respondent in contempt (ECF No. 10) are **DENIED**.

(2) the motions for bond (ECF Nos. 7, 11) are **DENIED**.

(3) the motion for immediate consideration (ECF No. 11) is **DENIED**.

(4) the motion to amend the petition (ECF No. 12) is **GRANTED**.

(5) respondent has **sixty (60) days** from the date of this order to file a supplemental answer.

                s/Arthur J. Tarnow
                ARTHUR J. TARNOW
                UNITED STATES DISTRICT JUDGE

Dated: August 20, 2021