UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN A. ODOM,<br><br>    Petitioner,<br><br>v.<br><br>BRYAN MORRISON,<br><br>    Respondent. | Case No. 4:20-12180<br>Honorable Shalina D. Kumar<br>Mag. Judge Anthony P. Patti |

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR A WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE**

Steven A. Odom ("Petitioner"), incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for bank robbery, M.C.L.A. § 750.531, and armed robbery, M.C.L.A. § 750.529. The petition contains a claim that was not exhausted with the state courts. In lieu of dismissing the petition without prejudice, this Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit petitioner to exhaust this claim. If this fails, the petition will be dismissed without prejudice.

1

**I. Background**

Petitioner was convicted following a jury trial in the Washtenaw County Circuit Court and sentenced to 210 to 420 months on the armed robbery conviction and 86 to 420 months for the bank robbery conviction.

The Michigan Court of Appeals affirmed petitioner's conviction. *People v. Odom*, No. 304699, 2014 WL 61238 (Mich. Ct. App. Jan. 7, 2014). The Michigan Supreme Court remanded petitioner's case to the trial court to determine whether he should be resentenced in light of their decision in *People v. Lockridge*, 498 Mich. 358, 870 N.W.2d 502 (2015), which held Michigan's mandatory sentencing guidelines to be unconstitutional. *People v. Odom,* 498 Mich. 901, 870 N.W.2d 575 (Mich. 2015). The Court denied petitioner's application with respect to all of the other issues he raised. *Id.*

On resentencing, the judge resentenced petitioner to 360 to 720 months on each count. Petitioner's new sentence was affirmed on appeal. *People v. Odom*, 327 Mich. App. 297, 933 N.W.2d 719 (Mich. Ct. App. 2019).

Petitioner has filed a petition for a writ of habeas corpus, seeking habeas relief on the following grounds:

> I. Petitioner was denied his constitutional right to counsel at critical stages of the prosecution, including arraignment on the

felony information, where there was no valid waiver of the constitutional right.

II. The trial court violated petitioner's due process rights by restraining him at trial without good cause. Petitioner is entitled to an additional evidentiary hearing to specifically determine from jurors whether they were aware of his ankle-to-hip restraint.

III. Petitioner was denied his constitutional right to due process and a fair trial where the trial court allowed the prosecution to introduce the results of a "pro tech" tracking device without first (a) laying a proper foundation as to the mechanical accuracy and reliability of the device, and (b) without determining if "Greg Roach" was qualified to testify regarding the functionality of the device under MRE 701 or MRE 702.

IV. The trial court's improper admission of hearsay evidence of petitioner's location on the morning of the offense rendered the trial unfair and violated petitioner's due process rights.

V. Petitioner's conviction was based on the testimonial hearsay statements of an unavailable declarant. Since there was no opportunity to cross examine the declarant, the trial court violated petitioner's Sixth Amendment right to confront witnesses by admitting the evidence of petitioner's location on the morning of the offense.

VI. Petitioner was denied his constitutional right to due process and a fair trial where the prosecution withheld and/or concealed material evidence in direct violation of the discovery order of the trial court which prevented the effective cross-examination of the State's DNA experts and evidence.

VII. The trial court abused its discretion and denied petitioner his state and federal constitutional right to due process and to counsel as guaranteed under the Sixth Amendment where it failed to hear petitioner's motion to substitute counsel prior to allowing assigned appellate counsel, Michael Mittlestate (SADO), to file a motion requesting a "Lockridge determination."

VIII. Petitioner's judgment of sentence after resentencing must be stricken where his appellate attorneys failed to provide effective assistance as guaranteed by the federal and state constitutions, US Const Am VI; Const 1963, Art 1, § 20, when they gave erroneous and/or inadequate advice on the consequences of resentencing.

IX. The trial court violated petitioner's state and federal constitutional right to due process where it vindictively increased his punishment upon resentencing absent objective reasons concerning identifiable conduct on the part of petitioner occurring after the time of his original sentencing hearing.

X. The retroactive application of "advisory" sentencing guidelines to increase petitioner's punishment on remand, where he was initially sentenced under "mandatory" guidelines in 2011, deprived petitioner of a protected liberty interest to have the sentencing court articulate "substantial and compelling reasons" to depart from his guidelines range of 126–210 months, in violation of the state and federal ex post facto clauses.

Petitioner filed an amended petition, seeking relief on the following ground:

XI. The trial court violated Petitioner's Fifth, Sixth, and Fourteenth Amendment rights where it failed to remedy, on remand, the initial Sixth Amendment violation of scoring OV 4 at 10-points, and scored OV 4 at 10-points again to resentence Petitioner, on facts not charged in the indictment, submitted to the jury, or proven beyond a reasonable doubt.

Respondent filed answers to the original and amended petitions. As part of their first answer, respondent argues that a portion of petitioner's ineffective assistance of appellate counsel claim alleging that his appellate counsel labored under a conflict of interest is unexhausted. The Court

4

disagrees with respondent, as will be discussed below. However, in reviewing the original and amended petitions, the Court has determined that petitioner has raised a potentially meritorious claim which has yet to be exhausted with the state courts.

## II. Discussion

The petition is subject to dismissal because it contains a claim which has yet to be exhausted with the state courts.

A state prisoner who seeks federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *see also Picard v. Connor*, 404 U. S. 270, 275-78 (1971). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a

5

district court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Respondent contends that petitioner's claim that appellate counsel labored under a conflict of interest is unexhausted. Petitioner in his initial reply brief disagrees, noting that his substitute appellate counsel raised a conflict of interest claim in her supplemental brief.

A review of the Rule 5 materials shows that substitute appellate counsel did raise a conflict of interest claim in her supplemental brief. ECF No. 17-34, PageID.3072-94. The Michigan Court of Appeals did not address the claim in their opinion. Petitioner, in fact, pointed this out to that court in his *pro se* motion for reconsideration. *Id.* at PageID.2421-23, 2425-26).

The fact that a state court does not address the merits of a claim does not preclude a finding of exhaustion. *Rudolph v. Parke*, 856 F.2d 738, 739 (6th Cir. 1988). Whether an exhaustion requirement has been satisfied cannot turn upon whether a state court chooses to ignore in its opinion a

6

federal constitutional claim squarely raised in a habeas petitioner's brief in state court. *Dye v. Hofbauer*, 546 U.S. 1, 6-7 (2005); *Smith v. Digmon*, 434 U.S. 332, 333 (1978). The mere fact that the Michigan Court of Appeals chose to ignore the conflict of interest claim does not bar petitioner from review of his claim, in light of the fact that petitioner's appellate counsel gave the Michigan Court of Appeals, as well as the Michigan Supreme Court, a fair opportunity to pass on the federal constitutional issue. *See Gaston v. Brigano*, 208 F. App'x 376, 384 (6th Cir. 2006). Petitioner's conflict of interest claim is properly before this Court for habeas review.

In reviewing the pleadings for this case, however, the Court has discovered that a portion of petitioner's first claim alleging that his Sixth Amendment right to the assistance of trial counsel is unexhausted.

Petitioner in his first claim alleges that he did not knowingly, intelligently, or voluntarily waive his right to counsel at the arraignment on the warrant, at the preliminary examination, at the arraignment on the information, or at a pre-trial hearing in the circuit court. Petitioner acknowledges that once in circuit court, he was warned of the dangers of self-representation several times by the trial judge, with the exception of the one pre-trial hearing in which petitioner represented himself. However, petitioner also argues that at some point, he rescinded his waiver and

7

reasserted his right to counsel when he asked the trial judge if he could consult with another attorney other than the standby counsel that the judge had appointed in petitioner's case. The judge denied petitioner's request, informing him that once petitioner had waived his right to counsel, he no longer had the right to request counsel. ECF No. 1, PageID.32-33.

Petitioner raised a waiver of counsel claim on his appeal of right. ECF No. 17-33, PageID.2213-2216. Although appellate counsel raised a claim that petitioner never waived his right to counsel, the claim only involved the invalid waiver of counsel at the two arraignments, the preliminary examination, and the one pre-trial hearing. There is no claim that petitioner was denied his right to counsel when the judge refused to consider petitioner's request to consult with counsel as a reassertion of his right to counsel.

A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The doctrine of exhaustion requires that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money,* 142 F.3d 313, 322 (6th Cir. 1998). "Even the same claim, if raised on different grounds, is not exhausted for the purpose

of federal habeas review." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012). Petitioner's claim that he was denied the right to counsel when the judge refused to grant his request to consult with new counsel is unexhausted because it was never presented to the state courts.

Although a federal court has the discretion to deny an unexhausted claim on the merits this Court declines to do so because there has been no showing that the claim is plainly meritless. *See, e.g.*, *Wagner v. Smith*, 581 F.3d at 419-20; *see also Hickey v. Hoffner*, 701 F. App'x 422, 426 (6th Cir. 2017). "A defendant who makes a valid waiver of the right to counsel may reassert the right to an attorney." *United States v. Sharp*, 6 F.4th 573, 583 (5th Cir. 2021); *see also United States v. Proctor*, 166 F.3d 396, 405-06 (1st Cir. 1999). A waiver of the right to a lawyer will not be lightly presumed and a trial judge must indulge every reasonable presumption against a waiver. *Brewer v. Williams*, 430 U.S. 387, 404 (1977); *Boyd v. Dutton*, 405 U.S. 1, 2 (1972). Doubts about whether there has been a waiver must be resolved in favor of the Sixth Amendment. *See Michigan v. Jackson*, 475 U.S. 625, 633 (1986); *overruled on other grounds by Montejo v. Louisiana*, 556 U.S. 778 (2009). Petitioner's claim is potentially meritorious.

Petitioner has an available state court remedy with which to exhaust his claim, as well as any additional claims. Petitioner could exhaust his

claims by filing a post-conviction motion for relief from judgment with the Washtenaw County Circuit Court under Michigan Court Rule 6.500 *et. seq.* *See Wagner*, 581 F.3d at 419. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302; *see Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

The Court's only concern in dismissing the current petition involves the possibility that petitioner might be prevented under the one-year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for a writ of habeas corpus following the exhaustion of these issues in the state courts. A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002). A federal district court thus has the discretion to stay a habeas petition containing unexhausted claims in order to allow the petitioner to present his unexhausted claims to the state courts in the first instance, and then to return to the federal district court for habeas review of his completely exhausted petition. *See Rhines v. Weber*, 544 U.S. 269, 272-78 (2005). A

federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Petitioner's claim does not appear to be "plainly meritless." *Wagner v. Smith*, 581 F.3d at 419. Further, petitioner could assert that he did not previously raise this claim in the state courts due to the ineffective assistance of appellate counsel. *Id.* at 419, nn. 4 and 5. Petitioner also has good cause for failing to raise any ineffective assistance of appellate counsel claim earlier because state post-conviction review would be the first opportunity that he had to raise this claim in the Michigan courts. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

The Court thus holds the petition in abeyance. Petitioner must present his claim in state court by filing a post-conviction motion for relief from judgment with the state trial court within **sixty days** from the date of this Order. *See, e.g.*, *Wagner v. Smith*, 581 F.3d at 419. If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss his petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. This case will

then be held in abeyance pending petitioner's exhaustion of the claims. Petitioner shall file a motion to lift the stay using the same caption and case number within **sixty days after the conclusion of the state court post-conviction proceedings**. Petitioner is free at that time to file an amended habeas petition containing the new claims that he raised before the state courts.

Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).[1]

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

---

[1] This Court has the discretion to stay the petition and hold it in abeyance even though petitioner did not specifically request this Court to do so. *See, e.g., Banks v. Jackson*, 149 F. App'x 414, 422, n. 7 (6th Cir. 2005).

                                                                       s/Shalina D. Kumar
                                                                       SHALINA D. KUMAR
                                                                       United States District Judge

Dated: July 28, 2022